# In the United States District Court for the Southern District of Georgia Savannah Division

FILED
John E. Triplett, Acting Clerk
United States District Court

By CAsbell at 3:01 pm, Jun 25, 2020

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CR 410-100 |
| JOSE ORLANDO GARCIA-DURAN, | |
| Defendant. | |

## ORDER

Before the Court is Defendant Jose Orlando Garcia-Duran's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act. Dkt. No. 320. For the reasons below, Garcia-Duran's motion is **DISMISSED**.

## BACKGROUND

Garcia-Duran was charged with stowing away on a vessel, in violation of 18 U.S.C. § 2199 (Count One); illegal re-entry into the United States, in violation of 8 U.S.C. §§ 1326(a) and (b) (Count Two); illegal importation of heroin and powder cocaine, in violation of 21 U.S.C. §§ 952 and 960 (Count Four); smuggling goods into the United States, in violation of 18 U.S.C. § 545 (Count Five); and possession of heroin and powder cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a) (Count Six). In October 2010, the Government filed a notice under 21 U.S.C. § 851. Dkt. No. 122. As a result, under Count Six, Garcia-Duran faced a

sentence of twenty years' to life imprisonment. On November 3, 2010, a jury convicted Garcia-Duran on all counts. Dkt. No. 151. Garcia-Duran's advisory guideline range was 240 to 262 months' imprisonment. The district court sentenced him to 262 months' imprisonment with the Bureau of Prisons ("BOP"). Dkt. No. 175.

Garcia-Duran directly appealed, and the Eleventh Circuit affirmed his conviction and sentence. Dkt. Nos. 178, 216. In August 2012, Garcia-Duran filed a motion to vacate pursuant to 28 U.S.C. § 2255. Dkt. No. 220. After holding an evidentiary hearing, the Court denied his motion. Dkt. Nos. 232, 244, 254, 255. In June 2015, the Court granted Garcia-Duran's § 3582(c)(2) motion, reducing his sentence to 240 months' imprisonment, the statutory minimum. According to the BOP website, Garcia-Duran is currently incarcerated at FCI McKean, located in Lewis Run, Pennsylvania, with a projected release date of February 16, 2029.

## DISCUSSION

Now Garcia-Duran moves the Court for compassionate release under 18 U.S.C. § 3582(c)(1)(A). He primarily seeks a reduction based on the severity of his original sentence, but he also cites his rehabilitation efforts and family circumstances as reasons justifying his release. To the extent Garcia-Duran moves for compassionate release, the Government concedes that Garcia-Duran "appears" to have exhausted his administrative remedies. Attached to the Government's opposition brief, however, is a copy of Garcia-

Duran's undated request for compassionate release and the Warden's denial dated November 5, 2019. In that request, Garcia-Duran checked the box "Request based on New Law, Elderly inmates - non medical (70 years or older served 30 years of sentence)." Dkt. No. 321-1. The substance of his request, however, noted that he received ineffective assistance of counsel and that his attorney had failed to notify him that he was subject to the 851 enhancement. Id. The Warden denied Garcia-Duran's request, noting that he did not meet the age requirement, i.e. being at least age seventy. Dkt. No. 321-2 at 1. The denial also instructed Garcia-Duran, "If you are dissatisfied with this response, you may appeal through the Administrative Remedy Program." Id.

The Court is not convinced that Garcia-Duran has fully exhausted his administrative remedies as required by § 3582(c)(1)(A), because the basis for his request to the Warden, i.e. age, is not part of his motion to the Court and he does not appear to have appealed the Warden's denial of his request. See United States v. Valenta, No. CR 15-161, 2020 WL 1689786, at *1 (W.D. Pa. Apr. 7, 2020) ("To properly exhaust administrative remedies, therefore, the administrative complaint must raise the same claims asserted in the federal court filing." (citing Gadra-Lord v. Doe, 736 F. App'x 30, 32 (3d Cir. 2018))); United States v. Khan, 540 F. Supp. 2d 344, 351 (E.D.N.Y. 2007) ("If the inmate feels the decision was unfairly meted out, his or her recourse is

3

to appeal that decision to the next administrative level, and, if still dissatisfied with the result at the end of the administrative appeals process, he or she may, at that time, pursue the complaint in federal court. It would defeat the purpose of administrative review were this court to permit every inmate who was dissatisfied with a denial of relief mid-way through the administrative appeals process to seek judicial review on the ground of futility."). The Court, however, need not decide whether Garcia-Duran has exhausted his administrative remedies, because the Court finds that his motion is really a successive 2255 motion.[1]

The Government alternatively argues that Garcia-Duran is not seeking compassionate release at all but rather trying to once again collaterally attack his conviction. See United States v. Carter, 500 F.3d 486, 490 (6th Cir. 2007) ("[W]hen a motion titled as a § 3582 motion otherwise attacks the petitioner's underlying conviction or sentence, that is an attack on the merits of the case and should be construed as a § 2255 motion."). The Court agrees. Through his motion, Garcia-Duran is attempting to circumvent having to obtain authorization from the Eleventh Circuit to file a successive § 2255 petition. Section 2255(h)

---

[1] Out of an abundance of caution, the Court will address the merits of Garcia-Duran's motion for compassionate release with regard to the bases he cites therein. After consideration of Garcia-Duran's family situation and his postconviction behavior and rehabilitation, the Court finds that no extraordinary and compelling reasons exist to grant Garcia-Duran's request.

4

requires that prisoners wishing to file a successive petition to collaterally challenge their conviction must first obtain permission from the Court of Appeals. Garcia-Duran has not done so. The Court thus lacks jurisdiction to consider it. <u>Farris v. United States</u>, 333 F.3d 1211, 1216 (11th Cir. 2003).

## CONCLUSION

Garcia-Duran's motion, dkt. no. 320, is **DISMISSED**.

**SO ORDERED**, this 25 day of June, 2020.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA